Steve German (No. 014789)
**STEVE GERMAN, A LAW FIRM**
11201 N. Tatum Blvd., Suite 110
Phoenix, Arizona 85018
Telephone: (480) 626-2700
Fax: (480) 607-9031
Email: steve@lawfirmaz.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **JOSHUA PALMER**, individually and on behalf of, All Other Persons Similarly Situated<br><br>Plaintiff,<br><br>vs<br><br>**HONORHEALTH**, An Arizona Nonprofit Corporation, DOES I-X; BLACK & WHITE ENTITIES I-X,<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT AND**<br>**<u>JURY DEMAND</u>** |

Plaintiff Joshua Palmer, individually on behalf of himself and all others similarly situated, by and through counsel, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, et seq., is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect

all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant HonorHealth (hereinafter also referred to as "HonorHealth" or "Defendant") to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked more than forty (40) hours each workweek. 29 U.S.C. § 207. Moreover, the Arizona Wage Payment Act, Arizona Revised Statutes (A.R.S.) Title 23, Chapter 2, Article 7 (*e.g.* A.R.S. § 23-351, 23-352, 23-355) (the "Arizona Wage Act"), requires payment to employees of "all wages due" (A.R.S. § 351(C)(1) on their payday, which, as set forth herein, did not and has not occurred. Plaintiff Palmer brings this case on his own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendant's violations of these wage protection and enforcement laws, as is more fully set forth herein.

2. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA") on behalf of Plaintiff and similarly situated current and former employees of Defendant, and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as defined hereinafter), and applicable Arizona State wage and hour laws.

3. This action seeks to recover unpaid compensation, interest, costs, and all other appropriate relief, including treble liquidated damages, under the Arizona Wage Act on behalf of Plaintiff and similarly situated current and former employees of Defendant (the "State Law Class," as hereinafter more fully defined).

4. Plaintiff, on his own behalf and on behalf of the FLSA Collective and State Law Class, seeks compensatory, statutory, extra-contractual, and punitive damages, declarative and injunctive relief, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's Arizona Wage Act claims because those claims arise out of the exact same nucleus of facts and are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this District, Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9. Plaintiff Joshua Palmer is an individual and a resident of Surprise, Arizona, and has agreed to serve as a class representative in this matter.

10. Defendant HonorHealth is a healthcare provider in Arizona, and upon information and belief operated as a non-profit healthcare network at relevant times. Its headquarters are located at 8125 N. Hayden Road, Scottsdale, AZ 85258.

11. Defendant HonorHealth holds itself out as "serving a population of five million people across the greater Phoenix metropolitan area and Florence, Arizona," and specifically does so through "nine acute-care hospitals, an expansive medical group offering primary, specialty and urgent care, a comprehensive cancer care network, outpatient surgery centers, clinical research, medical education and community services."[1]

12. Defendant is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA. As the Plaintiff's employer, the Defendant is also bound by Arizona Wage Act.

13. Defendant DOES I-X and BLACK & WHITE CORPORATIONS are individuals and/or corporate entities currently unknown to the Plaintiff at this time, but they are believed to each be liable in some manner for the events and harms alleged in this Complaint. Plaintiff will seek to amend this complaint to allege their true identities when ascertained through discovery. Each Doe Defendant and Black & White Corporation served as an officer, director, managers, supervisor, principal, or agent of HonorHealth and jointly participated in or ratified the unlawful compensation and timekeeping policies and practices alleged herein.

14. Defendant utilizes non-exempt employees, including the Plaintiff and other members of the FLSA Collective and the State Law Class, in furtherance of its business purpose.

[1] https://www.honorhealth.com/company (*accessed* April 14, 2026).

15. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

16. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

18. Defendant was at all times relevant the Plaintiff's employer and employed the other prospective members of the FLSA Collective and the State Law Class inasmuch as Defendant exercised power to hire or fire employees; supervised and controlled employees' work and conditions of employment; determined employees' wage rates and methods of payment; and maintained or was required to maintain records, including payroll and employment records.

## FACTUAL ALLEGATIONS

### Plaintiff's, the FLSA Collective's, and the State Law Class's Non-Exempt Employment Statuses with Defendant

19. Plaintiff Palmer has been employed as care technician by Defendant for approximately three years. He was hired to work for, and thereafter continued to work for, Defendant as an hourly, nonexempt employee. He initially worked forty hours or more per week.

20. Defendant classified the Plaintiff and paid him as well as other members of the FLSA Collective and the State Law Class as nonexempt employees.

21. At all times relevant, Plaintiff and other members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and the Arizona Wage Act.

22. At all times relevant, Defendant employed the Plaintiff and other members of the FLSA Collective and the State Law Class to engage in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay for All Hours Worked as a Result of Defendant's Time Rounding Policy**

23. Defendant HonorHealth requires Plaintiff Palmer and other members of the FLSA Collective and the State Law Class to clock in and out at the beginning and end of each shift to record the actual number of hours worked.

24. Per Defendant HonorHealth's policy, the Plaintiff and the other members of the FLSA Collective and the State Law Class clocked in and performed the principal activities of their jobs; however, the Defendant generally did not pay them for the total number of hours worked. Likewise, the Plaintiff and the other members of the FLSA Collective and the State Law Class stopped working and clocked out at the end of the workdays. Defendant, once again, failed to account for the total hours worked by the Plaintiff and other prospective class members, and routinely withheld and continues to withhold wages owed. Instead, Defendant calculates wages based on rounded, modified, and inaccurate and/or incomplete records which do not reflect total hours of compensable work performed by Plaintiff and other prospective class members for the benefit of the Defendant. Defendant willfully manipulates both the beginning and end of shift time records of Plaintiff and members of the FLSA

Collective and the State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in unpaid wages owed for time worked.

25. Defendant maintained a policy which set an expectation that employees must clock in to work seven (7) minutes before a schedule shift. Using HonorHealth's rounding policy, this meant that time spent working before their scheduled shift is not counted towards calculating wages and is uncompensated. When employees clock in more than seven minutes before their shift, their time is rounded up per HonorHealth's policy to fifteen minutes, all of which is compensated time. Employees are similarly instructed not to clock out more than seven (7) minutes after their shifts because HonorHealth's policy would then round time in the employees' favor, resulting in additional straight-time pay in non-overtime weeks and additional overtime pay in weeks when rounded time pushes total hours over forty.

27. By way of example, as care technician, Plaintiff Palmer must clock in up to seven (7) minutes prior to his shift per corporate policy and is expected to immediately begin his work activities and/or he receives a job assignment and starts working, performing the principal activities of his job. Plaintiff Palmer regularly clocks in four (4), five (5), or six (6) minutes prior to the beginning of his shift, but not more than seven (7) minutes, and starts working.

28. Similarly to clocking in before a scheduled shift, Plaintiff Palmer and other members of the FLSA Collective and the State Law Class regularly work past the end of their shift per corporate policy without compensation. These employees are not paid for the entirety of work performed to the extent Defendant pays based on a rounded, modified, and inaccurate and/or incomplete records of actual time working, which does not include post-shift

compensable work required of employees, and performed to the exclusive benefit of the Defendant as tracked in its timekeeping system.

29. By way of example, Plaintiff Palmer often stops working four (4), five (5), or six (6) minutes after the end of his shift and clocks out, which, combined with the additional minutes of uncompensated time worked at the beginning of each shift, adds up to a significant amount of time and to a significant amount of wages that Defendant is unlawfully withholding from its employees.

30. Although Defendant permitted the Plaintiff, members of the FLSA Collective, and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at one and one-half times regular rate for time over forty hours (40) a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA Collective and the State Law Class regularly complete tasks demanded by the Defendant and for its benefits as part of their principal activities and/or are integral and indispensable to principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because of Defendant's policy and unilateral refusal to account for and pay wages for the total time worked, despite deriving the benefits of compensable work efforts. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were not properly paid for many of their hours worked as required by the FLSA and Arizona's Wage Act.

31. Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it takes Plaintiff,

or the FLSA Collective/State Law Class to complete the job duties described above, as hours worked for purposes of computing overtime or non-overtime hours worked.

32. Defendant's time rounding policy and time manipulation practices are not neutral, facially or otherwise. Defendant rounded and/or otherwise manipulated Plaintiff's, the FLSA Collective's, and State Law Class's starting and ending work times despite utilizing a timekeeping system that tracks exactly when they "punch" the clock in and out and started or ended each workday. During overtime weeks, and despite knowing when Plaintiff and the FLSA Collective worked more than forty (40) hours, Defendant did not pay overtime required at "one and one-half times" their "regular rate[s]" of pay. See 29 U.S.C. § 207. Likewise, during non-overtime work weeks, Defendant knowingly did not pay Plaintiff and the State Law Class for such hours on a straight time basis.

33. Defendant's rounding, manipulating, editing of time policies violate Department of Labor regulations which require that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

34. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class have not benefited from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Palmer and other members of the FLSA Collective and the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b) and the Arizona Wage Act.

35. Defendant's on-the-clock but unpaid time deprivation policies and practices are the result of systematic and company-wide policies and practices originating at the corporate level. The defendant's policies are the result of knowing and/or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff, the FLSA Collective, and State Law Class] without compensating them." "Management has the power to … [and] must make every effort to" ensure all work completed at the beginning and end of shifts is paid in accordance with the FLSA and Arizona's Wage Act. See id.

36. The additional pre- and post-shift work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for the Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime pay made at the rate of one and one-half times the regular rate for hours worked more than forty (40), per the FLSA and the Arizona Wage Act.

**Defendant's Record-Keeping and Pay Violations**

37. The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

38. Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which

overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

39. Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and the State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and the State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and the State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA's and the Arizona Wage Act.

**The Willfulness of Defendant's Violations**

40. By denying Plaintiff and members of the FLSA Collective and the State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith. In fact, Defendant's conduct reflects an intentional, willful, and/or reckless disregard for the interest of Plaintiff despite knowing the likelihood of harm it caused.

41. Defendant is a large and highly sophisticated medical facility employer, with an in-house legal team. Through legal counsel as well as industry experience and custom,

Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of wages and overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law and Arizona Wage Act or simply acted in reckless disregard as to Defendant's obligations under these laws.

42. Defendant's failure to compensate Plaintiff Palmer and other members of the FLSA Collective and the State Law Class for wages owed and/or hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207 and of the Arizona Wage Act.

43. Plaintiff and members of the FLSA Collective and the State Law Class are therefore entitled to liquidated damages or three times damages of the amount of all unpaid compensation, respectively, pursuant to 29 U.S.C. § 260 and the Arizona Wage Act.

**FLSA COLLECTIVE OVERTIME ALLEGATIONS**
**(As to COUNT ONE)**

44. Plaintiff incorporates by reference the allegations contained in paragraphs above, as if fully rewritten herein.

45. Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of

three years preceding the commencement of this action to the date of judgement in this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.

46. Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court serve notice based upon further investigation and discovery. Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

47. Plaintiff Palmer and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff Palmer will prosecute this action vigorously on their behalf.

48. Plaintiff Palmer and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Palmer and other members of the FLSA Collective are similarly situated in that each is entitled to damages,

including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees and costs.

49. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one thousand or more persons.

**STATE LAW ALLEGATIONS**
**(As to COUNT TWO)**

50. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully rewritten herein.

51. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a group of employees of Defendant who assert violation of the Arizona Wage Act (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period from 6 years prior to filing the complaint to the date of judgement in this action who were not paid for all straight/non-overtime hours worked by virtue of having their time rounded and/or edited.

52. There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked;

(b) Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation violated the Arizona Wage Act;

(c) Whether Defendant failed to pay Plaintiff and the State Law Class overtime compensation for all hours worked in excess of forty (40) hours in a workweek in violation of the Arizona Wage Act;

(d) Whether HonorHealth's violations of the Arizona Wage Act were willful;

(e) Whether HonorHealth failed to provide accurate paystubs under the Arizona Wage Act; and

(f) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay non-overtime compensation owed when the wages were required to be paid.

53. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

54. The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one thousand or more persons. The number of class members, as well as their identities, are

ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Arizona law, as set forth above.

55. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

56. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**
**On Behalf of Plaintiff and the FLSA Collective**

58. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 49, as if fully rewritten herein.

59. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

60. Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

61. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's consent to join is attached as Exhibit A hereto.

62. The overtime wage provisions set forth in 29 U.S.C. § 201, et seq., apply to Defendant.

63. At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

64. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to

make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

66. As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a). 67. As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

67. Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(Unpaid Wages)**
***On Behalf of Plaintiff and the State Law Class***

68. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 49 and 50 to 57 as if fully rewritten herein.

69. Plaintiff brings this claim for violation of the Arizona Wage Act on behalf of himself and the members of the State Law Class, as previously defined.

70. At all relevant times, Plaintiff and State Law Class members were employed by Defendant within the meaning of the Arizona Wage Act.

71. A.R.S. § 23-355 requires employers to pay "wages due any employee" for their work. Defendant failed to pay Plaintiff and members of the State Law Class for all their hours worked and, as the statute provides, it is now responsible for past-due wages in "an amount that is treble the amount of the unpaid wages." Plaintiff and members of the State Law Class are also entitled to prejudgment interest, and attorneys' fees under A.R.S. § 12-341.01 and the Arizona Wage Act.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and other members of the FLSA Collective and the State Law Class, as applicable, pray that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly situated persons informing them of this action and their ability to opt-in and become part of FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendant, and in favor of Plaintiff, the FSLA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and Arizona law and enjoining Defendant from continuing to violate Arizona law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by Arizona law pursuant to the Arizona Wage Act, including treble damages, attorneys' fees and interest;

I. Designate Plaintiff as representative of the Fed. R. Civ. P. 23 FLSA Collective Class, and counsel of record as Class Counsel for the State Law Class;

J. Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K. Enter such other and further relief as this Court deems equitable, just, and proper.

**Respectfully submitted,**

**STEVE GERMAN, A LAW FIRM**

*/s/ Steve German*____________________
Steve German, Esquire
**STEVE GERMAN, A LAW FIRM**
11201 N Tatum Blvd., Suite 110
Phoenix, AZ 85081
Telephone: (480) 626-2700
steve@lawfirmaz.com
*Attorney for Plaintiff Joshua Palmer*

*ATTORNEYS FOR PLAINTIFF, THE PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV.P. 23 CLASS COUNSEL*

Seth R. Lesser, Esquire*[2]
Jessica Rado, Esquire*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com christopher.timmel@klafterlesser.com

Michael A. Galpern, Esquire *
Amy C. Winters, Esquire *
Kyle Scheibner, Esquire*
**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203 Voorhees, NJ 08043
Telephone:(856)596-4100 mgalpern@lawjw.com

[2] **** PRO HAC VICE APPLICATION BEING PREPARED FOR FILING***

awinters@lawjw.com

Joseph F. Scott, Esquire*
Ryan Winters, Esquire &
Kevin M. McDermott, III, Esquire*
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com